IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WENDEL (ROBERT) WARDELL, JR., #32096-013          PETITIONER

VERSUS          CIVIL ACTION NO.  5:12-cv-39-DCB-JMR

ARCHIE LONGLEY, Warden FCI-Yazoo City          RESPONDENT

MEMORANDUM OPINION

      This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner, an inmate at the Federal Correctional Institute, Yazoo City, Mississippi, filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on March 22, 2012. On May 3, 2012, an order [4] was entered directing petitioner to provide information concerning the steps he has taken and the responses he has received concerning the exhaustion of his administrative remedies. Petitioner filed his response [5] on May 15, 2012. Having considered the petition [1], petitioner's brief [2] and response [5], this Court has come to the following conclusions.

      Petitioner was convicted of conspiracy to defraud the United States in violation of 18 U.S.C. § 371; false statements in tax returns in violation of 26 U.S.C. § 7206(1); and aiding and abetting the preparation and presentation of false tax returns in violation of 26 U.S.C. § 7206(2), in the United States District Court for the District of Colorado. Br. [2-1] p. 2. He is presently serving an aggregate 211-month sentence. Br. [2] p. 1. Additionally, petitioner is required to pay restitution in the amount of $22,879.89. Id. p. 2. His conviction was affirmed by the United States Court of Appeals for the Tenth Circuit. Pet. [1] p. 2.

      Petitioner files the instant habeas request based on the following:

GROUND 1: Without lawful authority to do so, Respondent has fixed, and now forces Petitioner to pay, a 50% monthly payment through the Inmate Financial Responsibility Program ("IFRP") purportedly in accordance with the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3664(f)(2), for the period of Petitioner's confinement with the Bureau of Prison. Pet. [1] at p. 6.

Petitioner argues that only the sentencing court has the authority to fix a restitution payment schedule and this authority can not be delegated to any other party, agency or entity. Id. at p. 7. Petitioner further complains that if he refuses to participate in the restitution payment schedule determined by the Bureau of Prisons he is placed in "IFRP 'refusal status'." Id.

Petitioner filed the instant civil action as a request for habeas relief pursuant to 28 U.S.C. § 2241. A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). This Court finds in the instant action that petitioner is challenging the execution of his sentence; specifically, the validity of his payment plan established by the Bureau of Prisons as part of the Inmate Financial Responsibility Program. See United States v. Tovar-Valencia, 372 Fed. Appx. 459, 2010 WL 1404367, at *1-2 (5th Cir. Mar. 26, 2010). Therefore, the habeas request is properly before this Court.

The Court, however, cannot consider the petitioner's claims unless he has exhausted the administrative remedies available through the Bureau of Prisons (BOP). See United States v. Diggs, 578 F.3d 318, 320 (5th Cir. 2009). In his response [5], petitioner demonstrates that he has met the exhaustion requirement.

The Court now considers the petitioner's request for habeas relief. Petitioner argues that the Bureau of Prisons does not have the authority to force him to pay a certain amount of restitution while incarcerated through the IFRP in accordance with the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3664(f)(2). According to a copy of the petitioner's judgment whereby he is ordered to pay restitution, the judgment states that "[t]he total monetary obligations shall be due immediately. . . ." Br. [2-1] p. 8. Because the judgment of the

sentencing court orders immediate payment of the monetary obligations, the BOP has the authority to collect it under the IFRP. See Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002)(holding that the sentencing court's order of immediate payment of fine provides BOP with the discretion to place inmate in IFRP); see also U.S. v. Torres, 2006 WL 2520684, at *5 (11th Cir. Sept. 1, 2006)(finding that "although the district court did not specifically delegate to the BOP the authority to determine a payment schedule, that does not preclude the BOP from using the IFRP to collect Torres's court-ordered fine."); Bloch v. Lake, 183 Fed. Appx. 471 (5th Cir. 2006)(determining that "[b]ecause the sentencing court set the amount of restitution and ordered that the restitution was due immediately, there was no unconstitutional delegation of judicial authority")(citing McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999)).

Moreover, the United States Court of Appeals has held that the IFRP "serves the legitimate penological interest of rehabilitation, and has been upheld against constitutional attack." Mitchell v. U.S., 211 F.3d 125, 2000 WL 309968, at *1 (5th Cir. Mar. 6, 2000)(citing McGhee, 166 F.3d at 886); see also Miller v. James, 34 Fed. Appx. 151, 2002 WL 495091 at *1 (5th Cir. Mar. 15, 2002)(deciding that the dismissal of a complaint that petitioner's constitutional rights were violated by unjust placement in IFRP was proper because the inmate "failed to demonstrate any constitutional violations").  For the reasons discussed above, petitioner cannot maintain this § 2241 habeas petition since he failed to show a constitutional deprivation.

A separate final judgment will be entered.

SO ORDERED this the   27th    day of August, 2012.

                                s/David Bramlette
                                UNITED STATES DISTRICT JUDGE